# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID LEVOYD REED,

                Plaintiff,

v.

JAMES DZURENDA et al.,

                Defendants.

Case No. 2:19-cv-00172-APG-NJK

ORDER

**I.     DISCUSSION**

On November 18, 2019, the Court issued a screening order staying this case and requiring the Attorney General's Office to inform the Court as to whether it would enter a limited notice of appearance for the purpose of settlement. Docket No. 8. The Attorney General's Office responded that it can't identify either Defendant "Officer Nelson" or Defendant John Doe based on the allegations in Plaintiff's amended complaint. Docket No. 9. Because the Attorney General's Office cannot identify either remaining Defendant, it cannot make a limited appearance for the purpose of settlement. *Id.* As such, an Inmate Early Mediation Conference is inappropriate for this case, and this case will return to a normal litigation track.

In its screening order, the Court deferred ruling on Plaintiff's application to proceed *in forma* pauperis, Docket No. 1, pending the outcome of settlement discussions. Docket No. 8. As this case is returning to a normal litigation track, the Court will now address Plaintiff's *in forma pauperis* application. Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis*, Docket No. 1, without having to prepay the full filing fee is **GRANTED**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **David Levoyd Reed, #79594** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that, even if this action is dismissed or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of Court **will issue a** summons for Defendant "Officer Nelson," **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint and this order to the U.S. Marshal for service on Officer Nelson.

IT IS FURTHER ORDERED that the Clerk **will send** to Plaintiff **one** USM-285 form. Plaintiff must furnish to the U.S. Marshal the required USM-285 form with relevant information as to Officer Nelson, no later than **January 13, 2020**.

IT IS FURTHER ORDERED that, within **twenty days** of receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that, henceforth, Plaintiff will serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff will include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

IT IS FURTHER ORDERED that this case is no longer stayed.

DATED: December 12, 2019.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE