UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LEVOYD REED,<br><br>    Plaintiff<br><br>v.<br><br>JAMES DZURENDA et al.,<br><br>    Defendants | Case No. 2:19-cv-00172-APG-NJK<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>[ECF Nos. 24, 25] |

Plaintiff David Levoyd Reed filed a motion for an injunction prohibiting defendant Corrections Officer Ted Nielson from (1) transporting Reed to court, (2) being in "High Desert State Prison's (HDSP) intake/property transportation" on any of his court dates, and (3) retaliating against Reed. ECF Nos. 24; 25 at 1. I deny the motion because Reed has not satisfied the heavy burden of showing that an injunction is appropriate in this context.

A preliminary injunction is an "extraordinary and drastic remedy . . . ; it is never awarded as of right." *Munaf v. Green*, 553 U.S. 674, 689–90 (2008) (citations omitted). To obtain an injunction, Reed must show: (1) he is likely to succeed on the merits of his claims; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Where, as here, a party seeks a mandatory injunction altering the status quo, the burden is even higher because "courts must be extremely cautious about issuing a [mandatory] preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Mandatory injunctions are "particularly disfavored and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114–15 (9th Cir. 1979).

Finally, injunctions in the prison setting are governed by the Prison Litigation Reform Act (PLRA), which states:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . .

18 U.S.C. § 3626(a)(2).

Reed has not shown a likelihood of success on the merits of his claims at this point. Although I allowed him to proceed with two claims after screening, that does not mean he is likely to succeed on those claims. Reed admits that Nielson's alleged attack on him occurred in connection with an argument between the two men. ECF No. 24 at 3:3-8. It is unclear whether Nielson's actions were necessary to maintain order or enforce discipline. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) ("[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). Similarly, Reed's retaliation claim may not succeed because it is unclear whether Nielson's alleged statement was in retaliation for Reed filing a grievance about Nielson's conduct or due to Reed refusing Nielson's command to "shackle up." ECF No. 24 at 3:11-15; *see also* ECF No. 7 at 7 (same allegation). Reed has neither shown a likelihood of success on his claims nor raised serious questions going to the merits of his claims. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Reed also has not shown a likelihood of irreparable injury warranting an injunction. "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000).

Case 2:19-cv-00172-APG-NJK   Document 32   Filed 05/19/20   Page 3 of 4

"An award of prospective injunctive relief requires the plaintiff to demonstrate a reasonable likelihood of future injury." *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003), *as amended on denial of reh'g and reh'g en banc* (Mar. 14, 2003). *See also Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985) ("[P]laintiffs must demonstrate that a 'credible threat' exists that they will again be subject to the specific injury for which they seek injunctive or declaratory relief." (citation omitted)).

While Nielson's alleged battery of Reed three years ago may be evidence of a potential future harm, more is needed to justify a mandatory injunction. *See O'Shea v. Littleton*, 414 U.S. 488, 495–496 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). Nielson's more recent smirk at Reed is not enough, especially given that Nielson left the area immediately thereafter. ECF No. 24 at 4. Reed's motion is based on speculation that Nielson may be in the transportation area when Reed is to be transported for a court hearing, and that Nielson may impose some violence or other harm upon Reed. Such speculation is not a sufficient basis for an injunction. Further, Reed's request that I enjoin Nielson from retaliating against him is simply an order directing Nielson to follow the law. That is not a proper basis for an injunction.

Finally, Reed's requested relief would interfere with the Nevada Department of Corrections' ability to staff its facilities as it deems best. While that is not fatal to a request for an injunction, the PLRA counsels against such interference in internal decision-making in the absence of sufficient proof of need. In sum, Reed has not sustained his heavy burden of justifying injunctive relief.

I THEREFORE ORDER that plaintiff David Reed's motion for temporary restraining order and preliminary injunction **(ECF Nos. 24, 25) is denied**.

Dated this 19th day of May, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE