1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVID LEVOYD REED,

     Plaintiff,

v.

JAMES DZURENDA, et al.,

     Defendants.

Case No. 2:19-cv-00172-APG-NJK

**ORDER**

[Docket No. 43]

Pending before the Court is Plaintiff's motion for limited discovery.  Docket No. 43.  The Court has considered Plaintiff's motion and a response filed by the Office of the Attorney General for the State of Nevada ("Attorney General's Office") on behalf of Defendant Ted Nielson ("Defendant").  Docket Nos. 43, 45.  No reply is necessary.  The motion is properly resolved without a hearing.  *See* LR 78-1.  For the reasons discussed below, the Court **DENIES** the motion.

## I.   BACKGROUND

On November 18, 2019, the Court issued a screening order deferring a ruling on Plaintiff's application to proceed *in forma pauperis* in this case and permitting Plaintiff to proceed with his excessive force claim against Defendants Nelson and John Doe and First Amendment retaliation claim against Defendant Nelson.  Docket No. 8 at 11.  The Court referred this action to the Inmate Early Mediation Program and ordered the Attorney General's Office to file a notice stating whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement.  *Id.* at 12, 13.  On December 6, 2019, the Attorney General's Office filed a notice advising the Court that it could not enter a limited notice of appearance on behalf of the defendants because it could not identify either of the defendants.  Docket No. 9 at 1–2.  As a result, on December 12, 2019, the Court issued an order removing this action from the Inmate Early Mediation Program and granting Plaintiff's application to proceed *in forma pauperis*.  Docket No. 10.

In December 2019, Plaintiff filed two motions for limited discovery.  Docket Nos. 12, 13. On January 9, 2020, after reviewing the information Plaintiff provided in his discovery motions, the Attorney General's Office filed a notice advising the Court that it could now identify one of

the defendants as Defendant Nielson and that it would enter a limited notice of appearance on behalf of Defendant Nielson for the purpose of settlement.  Docket No. 16.  Thereafter, on February 14, 2020, the Attorney General's Office filed a status report advising the Court that "the underlying reason that the Court found an Inmate Early Mediation Conference to be inappropriate for this case . . . ha[d] been remedied."  Docket No. 23.  Therefore, on June 12, 2020, the Court again referred this action to the Inmate Early Mediation Program.  Docket No. 33.  A mediation session was held on December 4, 2020.  Docket No. 37.  On December 7, 2020, the Attorney General's Office filed a status report advising the Court that the parties did not reach a settlement and that it "inten[ded] to proceed with this action."  Docket No. 38 at 2.

On March 26, 2021, Plaintiff filed the instant motion for limited discovery.  Docket No. 43.  On April 9, 2021, Defendant Nielson filed a response in opposition to Plaintiff's motion. Docket No. 45.

## II.    LEGAL STANDARD

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests."  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."  LR 26-6(c).

## III.   ANALYSIS

Defendant  asks the Court to deny Plaintiff's motion because "there has been no ruling on his request for *in pauper* status, there has been no acceptance of service or answer, and finally discovery has not opened in this matter."  Docket No. 45 at 1.  Defendant is wrong.[1]  The Court

---

[1] Counsel for Defendant clearly failed to even read the docket prior to filing Defendant's response.  The Court expects better in the future.  Counsel must comply with all local and federal rules and must make representations that are accurate regarding the instant case.

granted Plaintiff's application to proceed *in forma pauperis* on December 12, 2019.  *See* Docket No. 10.  In addition, in certain circumstances, "[c]ourts may permit expedited discovery before the Rule 26(f) conference."[2]  *Sokolowski v. Adelson*, 2014 WL 12607722, at \*2 (D. Nev. Jan. 30, 2014) (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C. D. Cal. 2009)). Moreover, Defendant fails to include a memorandum of points and authorities in support of his response.  *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion").

Plaintiff also fails to comply with the Court's Local Rules.  *See* LR 26-6(c).  The parties must undertake a good faith effort to resolve any dispute prior to filing a discovery motion.  The Court recognizes that an inmate may have a more difficult time complying with this requirement. Still, an inmate must attempt to resolve any discovery dispute either by a telephone consultation or a written communication whereby the inmate sincerely attempts to resolve the discovery dispute.  *See Ghazali v. Moran*. 46 F.3d 52, 54 (9th Cir. 1995) (stating *pro se* litigants are bound by the rules of procedure); *see also* LR 16-1(d) ("In all cases, the court may order the parties to meet and confer to discuss a discovery plan, scheduling order, briefing schedule, or any other matters the court deems appropriate").

IV.     **CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1.      Plaintiff's motion for limited discovery, Docket No. 43, is **DENIED** without prejudice.  If the parties cannot resolve the issue through a full meet and confer, Plaintiff may refile his motion.

2.      Service must be perfected no later than May 12, 2021, pursuant to Fed. R. Civ. P. 4(m).

3.      Subject to the findings of the screening order, Docket No. 8, no later than April 19, 2021, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it

---

[2] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedures.

1  does not accept service, and (c) the names of the defendants for whom it is filing the last-known-

2  address information under seal.  As to any of the named defendants for whom the Attorney

3  General's Office cannot accept service, the Attorney General's Office must file, under seal, but

4  must not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it

5  has such information.  If the last known address of the defendant(s) is a post office box, the

6  Attorney General's Office must attempt to obtain and provide the last known physical address(es).

7         4.      If service cannot be accepted for any of the named defendant(s), Plaintiff must file

8  a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying

9  a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney

10 General's Office has not provided last-known-address information, Plaintiff must provide the full

11 name and address for the defendant(s).

12        5.      If the Attorney General's Office accepts service of process for any named

13 defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint

14 no later than May 26, 2021.

15        6.      Henceforth, Plaintiff must serve upon defendant(s) or, if an appearance has been

16 entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document

17 submitted for consideration by the Court.  Plaintiff must include with the original document

18 submitted for filing a certificate stating the date that a true and correct copy of the document was

19 mailed or electronically filed to the defendants or counsel for the defendants.  If counsel has

20 entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the

21 notice of appearance, at the physical or electronic address stated therein.  The Court may disregard

22 any document received by a district judge or magistrate judge which has not been filed with the

23 Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to

24 include a certificate showing proper service.

25        IT IS SO ORDERED.

26        DATED:  April 12, 2021.

27        _____

28        Nancy J. Koppe
          United States Magistrate Judge