# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID LEVOYD REED,

    Plaintiff,

v.

JAMES DZURENDA, et al.,

    Defendants.

Case No. 2:19-cv-00172-APG-NJK

**ORDER**

[Docket No. 50]

Pending before the Court is Plaintiff David Levoyd Reed's motion for leave to file a second amended complaint. Docket No. 50. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court **GRANTS** in part and **DENIES** in part the motion.

## I. BACKGROUND

On November 18, 2019, United States District Judge Andrew P. Gordon screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915. Docket No. 8. In screening Plaintiff's first amended complaint, Judge Gordon found that Plaintiff stated colorable excessive force claims against Defendants Nelson and Officer John Doe and a colorable First Amendment retaliation claim against Defendant Nelson. *Id.* at 11. Judge Gordon further found that Plaintiff failed to state a colorable First Amendment retaliation claim against Defendant Inspector General. *Id.* at 8. In so doing, Judge Gordon explained:

> Although the amended complaint is not clear, it appears that Reed argues that Doe Inspector General is responsible for Nelson's retaliation because Doe Inspector General did not investigate and remove Nelson from his post. . . . Reed does not allege that Doe Inspector General participated in Nelson['s] alleged retaliation or that Doe Inspector General was aware that Nelson would retaliate against Reed and failed to stop him. I dismiss Doe Inspector General from this claim without prejudice.

1

*Id.* Judge Gordon also dismissed Plaintiff's claims under 42 U.S.C. § 1985 without prejudice because he made no allegations about a conspiracy. *Id.* at 9. In addition, Judge Gordon found that "the Nevada Tort Claim[s] Act does not provide an independent cause of action" and, therefore, dismissed Plaintiff's claims under the Nevada Tort Claims Act with prejudice. *Id.* at 11.

On April 21, 2021, Plaintiff filed the instant motion for leave to file a second amended complaint. Docket No. 50.

## II. LEGAL STANDARDS

### A. Motion for leave to amend complaint

Fed. R. Civ. P. 15(a) provides that "[t]he courts should freely give leave [to amend] when justice so requires[.]" Fed. R. Civ. P. 15(a). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Under Fed. R. Civ. P. 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Where, as here, the Court has granted a plaintiff's request to proceed *in forma pauperis* and the plaintiff seeks leave to amend before a defendant has responded to the complaint, the proposed amended complaint is also subject to screening pursuant to 28 U.S.C. § 1915(e). *See Williams v. Las Vegas Metro. Police Dep't*, 2019 WL 5199300, at *2 n.4 (D. Nev. Sept. 23, 2019); *see also Olausen v. Murguia*, 2014 WL 6065622, at *5 (D. Nev. Nov. 12, 2014) ("To clarify, courts in this district screen complaints and amended complaints at the pre-answer stage").

Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Motion for reconsideration**

Motions for reconsideration are disfavored. Local Rule 59-1(b); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (quoting *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) ("Reconsideration is 'an extraordinary remedy, to be used sparingly'"). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a); *see also Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003). It is well-

settled that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterps., Inc*, 229 F.3d at 890 (emphasis in original).

III. **ANALYSIS**

**A. Motion for leave to amend complaint**

Plaintiff seeks to amend his complaint by correcting Defendant Nelson's name to Defendant Ted Nielson and dismissing Defendant John Doe. Docket No. 50 at 1; *see also* Docket No. 50-1 at 1, 2, 4, 5, 6, 9. On January 9, 2020, the Office of the Attorney General for the State of Nevada ("Attorney General's Office") filed a notice advising the Court that it had identified one of the defendants as Defendant Ted Nielson. Docket No. 16. On April 19, 2021, the Attorney General's Office filed a notice accepting service on behalf of Defendant Ted Nielson. Docket No. 47. The Attorney General's Office, however, did not accept service on behalf of Defendant John Doe because it could not identify Defendant John Doe. *Id.* In light of the parties' agreement that Defendant Ted Nielson is the proper defendant, the Court grants Plaintiff's request to amend his complaint by correcting Defendant Nelson's name to Defendant Ted Nielson. *See Middleton v. Human Behavior Inst., Ltd.*, 2017 WL 579896, at *1 n.2 (D. Nev. Feb. 13, 2017) (granting plaintiff's unopposed motion for leave to file an amended complaint to correctly name a defendant). Given that the Office of the Attorney General has not accepted service on behalf of Defendant John Doe and that Defendant John Doe has not appeared in this case, the Court denies Plaintiff's request to amend his complaint by dismissing Defendant John Doe as moot.

**B. Motion for reconsideration**

Plaintiff also seeks to amend his complaint by adding a First Amendment retaliation claim against Defendant Inspector General. Docket No. 50 at 1; *see also* Docket No. 50-1 at 1, 2, 5, 9. In addition, Plaintiff appears to re-plead claims under 42 U.S.C. § 1985 and the Nevada Tort Claims Act.[1] Docket No. 50-1 at 1, 3, 4, 5. Judge Gordon previously found that Plaintiff failed to

---

[1] Plaintiff's proposed amended complaint also makes a passing reference, without elaboration, to a negligence claim. Docket No. 50 at 6. Given the undeveloped nature of Plaintiff's purported negligence claim, the Court does not address that claim herein.

4

state a colorable First Amendment retaliation claim against Defendant Inspector General. Docket No. 8 at 8. Specifically, Judge Gordon found that Plaintiff failed to allege that Defendant Inspector General participated in Defendant Ted Nielson's retaliation or knowingly failed to stop Defendant Ted Nielson from retaliating against Plaintiff. *Id.* Judge Gordon also dismissed Plaintiff's claims under 42 U.S.C. § 1985 because Plaintiff failed to make any allegations about a conspiracy. *Id.* at 9. Additionally, Judge Gordon previously dismissed Plaintiff's claims under the Nevada Tort Claims Act with prejudice because "the Nevada Tort Claim[s] Act does not provide an independent cause of action[.]" *Id.* at 11. The Court, therefore, construes Plaintiff's request to amend his complaint by adding a First Amendment retaliation claim and claims under 42 U.S.C. § 1985 and the Nevada Tort Claims Act as a motion for reconsideration.

Plaintiff fails to address, let alone demonstrate, that his request to amend his complaint by adding a First Amendment retaliation claim and claims under 42 U.S.C. § 1985 and the Nevada Tort Claims Act meets the standard for granting a motion for reconsideration. Plaintiff fails to submit that newly discovered evidence exists that was not available when he filed his original complaint. Further, Plaintiff fails to submit that the Court committed clear error or that the initial screening order was manifestly unjust. Plaintiff also fails to submit that an intervening change in controlling law has occurred. The Court, therefore, denies without prejudice Plaintiff's request to amend his complaint by adding a First Amendment retaliation claim and claims under 42 U.S.C. § 1985 and the Nevada Tort Claims Act.

## IV. CONCLUSION

Accordingly, Plaintiff's motion for leave to amend his complaint, Docket No. 50, is hereby **GRANTED** as to his request to correct Defendant Nelson's name to Defendant Ted Nielson and **DENIED** without prejudice as to all other requests. The Clerk's Office is **INSTRUCTED** to change Defendant Nelson's name to Defendant Ted Nielson.

Dated: May 11, 2021

_____
Nancy J. Koppe
United States Magistrate Judge