# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID LEVOYD REED,

    Plaintiff,

v.

JAMES DZURENDA, et al.,

    Defendants.

Case No. 2:19-cv-00172-APG-NJK

**ORDER**

[Docket No. 54]

    Pending before the Court is Plaintiff's motion to extend the deadlines in the scheduling order.[1] Docket No. 54. The Court has considered Plaintiff's motion and Defendant Ted Nielson's response. Docket Nos. 54, 55. No reply is necessary. The motion is properly resolved without a hearing. *See* LR 78-1.

    "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c).

    On May 27, 2021, the Court issued a scheduling order setting the discovery cutoff for August 25, 2021. Docket No. 53 at 2. Plaintiff asks the Court to extend the discovery cutoff to a date in October because he will be representing himself in a criminal trial in state court that is set

---

[1] The Court liberally construes Plaintiff's filing, as he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

for July 26, 2021. Docket No. 54 at 2. Plaintiff submits that the requested extension will permit him to focus on his criminal trial. *Id.*

In response, Defendant submits that Plaintiff failed to meet and confer before he filed the instant motion. Docket No. 55 at 2. Nonetheless, Defendant does not oppose Plaintiff's request for an extension and proposes a 60-day extension of discovery deadlines. *Id.* at 3.

The Court finds that a 60-day extension of discovery deadlines is appropriate in this case. Although the Court has considered this motion despite the lack of a proper meet and confer, the Court cautions Plaintiff that he must strictly comply with all rules as this case proceeds. The Court will not consider a discovery motion without a proper meet and confer.

Accordingly, Plaintiff's motion to extend discovery deadlines, Docket No. 54, is hereby **GRANTED**. The Court extends the deadlines as follows:

- Amend pleadings/add parties: September 24, 2021
- Discovery cutoff: October 25, 2021
- Discovery motions: October 11, 2021
- Dispositive motions: November 8, 2021
- Joint proposed pretrial order: December 8, 2021[2]

IT IS SO ORDERED.

Dated: June 17, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] If dispositive motions are filed, this date will be suspended until 30 days after the dispositive motions are decided or further Court order. *See* LR 26-1(b)(5).

2