1

2

3                        UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5    DAVID LEVOYD REED,                    Case No. 2:19-cv-00172-ART-NJK

6                            Plaintiff,              Order

7          v.

8    JAMES DZURENDA, et al.,

9                            Defendants.

10         Plaintiff has Plaintiff has filed a motion for appointment of counsel. (ECF

11   No. 110.) He requests counsel because of the complexity of the case which is

12   proceeding to trial.

13         A litigant does not have a constitutional right to appointed counsel in 42

14   U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353

15   (9th Cir. 1981). Pursuant to 28 U.S.C. §1915(e)(1), the Court may request an

16   attorney to represent any person unable to afford counsel. However, the Court

17   will appoint counsel for indigent civil litigants only in exceptional

18   circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983

19   action). When determining whether exceptional circumstances exist, a court

20   must consider the likelihood of success on the merits as well as the ability of

21   the petitioner to articulate his claims pro se in light of the complexity of the

22   legal issues involved. *Id.* Neither of these considerations is dispositive and

23   instead must be viewed together. *Id.*

24         Mr. Reed has previously moved for appointment of counsel, most recently

25   on January 13, 2023, (ECF Nos. 96), and on January 18, 2023, the Court

26   denied (ECF No. 97.) Since that time, the case has gone through a motion for

27   summary judgment and a settlement conference (ECF Nos. 75, 106).

28   Anticipating that Mr. Reed will now be required to articulate his claims at a jury

1  trial, the Court finds that exceptional circumstances exist which merit

2  appointment of counsel in this case.

3       Finding that exceptional circumstances exist, the Court grants Plaintiff's

4  motion for appointment of counsel. In reaching its decision, the Court considers

5  that the Ninth Circuit has appointed appellate counsel for the plaintiff in a case

6  that stems directly from the issues Plaintiff brings in this case. The Court also

7  considers Plaintiffs lack of trial experience and the difficulty he has faced

8  finding counsel on his own.

9       This case is referred to the Pro Bono Program adopted in Amended

10  General Order 2019-07 for the purpose of screening for financial eligibility (if

11  necessary) and identifying counsel willing to be appointed as pro bono counsel

12  for Plaintiff. The scope of appointment shall be for the remainder of his case,

13  including trial if necessary. By referring this case to the Program, the Court is

14  not expressing an opinion as to the merits of the case.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

It is hereby ordered that Plaintiffs Motion for Appointment of Counsel (ECF No. 110) is granted.

It is further ordered that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

It is further ordered that the Clerk shall also forward this order to the Pro Bono Liaison.

It is further ordered that all other deadlines related to this case are paused, pending the appointment of pro bono counsel.

It is further ordered that a status conference shall be set 60 days from the date of this order, on June 3, 2024. At that hearing, the parties shall confer with the court on the status of the assignment of pro bono counsel.

DATED THIS 3rd day of April 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE