UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LEVOYD REED,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-00172-ART-NJK<br><br>**Order**<br><br>[Docket No. 133] |

Pending before the Court is Plaintiff's motion to extend his copy work limit. Docket No. 133. The Court does not require a response. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC regulations, inmates can accrue a maximum of $100 debt for copy work expenses for all cases. *See, e.g.*, *Weddle v. Baker*, 2014 U.S. Dist. Lexis 151674, *3 (D. Nev. Oct. 27, 2014). "In this district, courts have found that they can order a prison to extend limited photocopying when it is necessary for an inmate to provide copies to the Court and other parties." *Id.* (citing *Allen v. Clark Cnty. Det. Ctr.*, 2011 U.S. Dist. Lexis 31756 (D. Nev. Mar. 11, 2011)).

Plaintiff requests "a reasonable allowance of copy work for documents" because his grounds have merit. Docket No. 133 at 2. Plaintiff fails to explain what those merits are. Further, Plaintiff references this case as the "the instant habeas corpus proceedings," submits "he is entitled to relief in the instant habeas proceedings," and submits that he should be provided with an extension so he can fairly litigate "this habeas action." Docket No. 133 at 1-2. The instant action is about Defendants' alleged use of excessive force. Docket No. 95 at 8.

1

1  Accordingly, Plaintiff's motion is **DENIED** without prejudice.  Docket No. 133.

2  IT IS SO ORDERED.

3  Dated: June 5, 2025

_____
Nancy J. Koppe
United States Magistrate Judge