**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID LEVOYD REED,

Plaintiff,

v.

JAMES DZURENDA, et al.,

Defendants.

Case No. 2:19-cv-00172-ART-NJK

**Order**

[Docket No. 140]

Pending before the Court is Defendant Ted Nielson's emergency motion to excuse him from the settlement conference scheduled for December 4, 2025. Docket No. 140. Also pending before the Court is the parties' stipulation to continue the settlement conference. Docket No. 141.

The emergency motion is deficient for several reasons. First, a motion filed on an emergency basis requires satisfaction of various technical and substantive requirements. *See* LR 7-4. The local rules make clear that "[e]mergency motions should be rare" and that "[t]he court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency." LR 7-4(b)-(c). Further, "[f]ailure to comply with the requirements for submitting an emergency motion may result in denial of the motion." *See id.* Here, Defendant fails to satisfy the requirements for filing an emergency motion. The motion is not accompanied by a declaration, as required by LR 7-4(a). Further, the motion does not include all the necessary information which must be included in the aforementioned declaration. *See* Docket No. 140; *see also* LR 7-4(a)(1)-(3). Additionally, the moving party did not advise the courtroom administrator for the undersigned that the motion was filed. *See* LR 7-4(d). Therefore, the instant motion does not comply with the requirements for submitting an emergency motion. *See* LR 7-4(c).

Second, Defendant fails to explain why the instant issue is an emergency and not merely a party or attorney's failure to effectively manage deadlines. *See* LR 7-4(b). The Court's May 27, 2025, order originally setting the settlement conference provides that all individual parties are

required to appear for the duration of the settlement conference. Docket No. 132 at 2. The Court's order further states that "[a]ny request for an exception to the above attendance requirements must be filed and served on all parties within 14 days of the issuance of this order. … Requests for an exception must be supported by a compelling justification for an exception." Docket No. 132 at 2. On August 29, 2025, the Court set the date of the settlement conference for December 4, 2025. Docket No. 139. In the instant motion, Defendant submits that "counsel was informed today" that Defendant Nielson's appointment was scheduled for the same date as the settlement conference. Docket No. 140 at 1. However, Defendant also submits that Defendant Nielson "has been waiting for a medical appointment with a necessary medical specialist for an extended period of time" and that rescheduling the appointment would require waiting several more months. *Id.* at 1-2. Given the extended period of time needed to schedule Defendant's appointment, it is unclear whether Defendant's counsel informed Defendant of the settlement conference date in a timely fashion so that he could schedule the appointment at a non-conflicting time. Further, given that the instant request for an exception was not filed within 14 days of the issuance of the settlement conference order, *see* Docket Nos. 132, 39, it is also unclear whether Defendant's counsel reached out to Defendant Nielson in a timely fashion to confirm whether he would be available to attend the settlement conference.

Third, in the instant motion, Defendant submits that Defendant's counsel has an appointment with Plaintiff to obtain his consent to the instant request. Docket No. 140 at 2. As the Court has previously explained to Defendant's counsel, a Plaintiff's consent to the violation of a judicial order does not excuse the underlying violation. *See Centofanti v. The State of Nevada ex rel. The NDOC et al.*, 2:21-cv-00024-RFB-NJK, Docket No. 157 (explained during settlement conference proceedings).

Accordingly, the emergency motion is **DENIED**. Docket No. 140. As the Court agrees with the parties that a global settlement conference is appropriate, the parties' stipulation is **GRANTED**. Docket No. 141. The settlement conference is **CONTINUED** to **February 5, 2026**. Defendant's counsel's practice has fallen below the standards the Court expects from counsel

appearing before it. Counsel must ensure that she complies with all Court orders and rules in the future. Failure to do so may result in sanctions.

IT IS SO ORDERED.

Dated: December 2, 2025

Nancy J. Koppe
United States Magistrate Judge