UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID LEVOYD REED,

Plaintiff,

v.

JAMES DZURENDA, *et al.*,

Defendants.

Case No. 2:19-cv-00172-ART-NJK

ORDER ON MOTION AND ORDER TO SHOW CAUSE (ECF Nos. 164, 168), MOTION TO SEAL (ECF No. 170), AND MOTION FOR SANCTIONS (ECF No. 163)

Pro se and incarcerated Plaintiff David Levoyd Reed brings this action against Defendants under 42 U.S.C. § 1983, alleging a violation of the Eighth Amendment for excessive force. (ECF No. 8.) Before the Court are Plaintiff's Motion and Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (ECF No. 164), Motion and Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order in Conjunction with ECF No. 164 (ECF No 168), and Motion for Sanctions Under Rule 11(b) (ECF No. 163).

## I.   Background

Mr. Reed's First Amended Complaint ("FAC") was screened on November 18, 2019, allowing him to proceed on claims for First Amendment retaliation against Officer Nielson and Eighth Amendment excessive force against Officer Nielson and a Doe officer. (ECF No. 8 at 11-12.) On February 9, 2022, Officer Nielson filed a Motion for Summary Judgment on both claims. (ECF No. 75.) The Court granted summary judgment on Mr. Reed's First Amendment claim and denied summary judgment on his Eighth Amendment claim.

In his Eighth Amendment claim, Mr. Reed alleges that on December 6, 2017, Defendant Nelson and a Doe officer attacked Mr. Reed without cause or

justification during a peaceful conversation with Officer Zuniga in the Clark County Detention Center's court holding rotunda. (ECF No. 8 at 5.) Mr. Reed requests ten million dollars in punitive damages.

In his Motion and Order to Show Cause, Mr. Reed seeks a preliminary injunction against Senior Corrections Officers Griffin, Jackson, and Illoyas; Corrections Officers Bledsoe, Lares, Lozono, and John Doe; Caseworkers Lewis and Silber; Lieutenant Barth, CCSIII Moore, and Sergeant Bunting enjoining them from "all forms of harassment, retaliation, deliberate indifference to [his] medical needs, not serving [him] food, not serving [him] food off the regular line." (ECF No. 164 at 2.) He also requests a number of other interventions, including a blood test, health exam, new diet, removal of spyware on his tablet, rehousing in a different unit, and relocation out of High Desert State Prison ("HDSP"), among other requests. (*Id.* at 3.)

In his second Motion and Order to Show Cause, Mr. Reed seeks a preliminary injunction against Caseworker Specialist II Brandon Silber, Caseworkers Moore and Turn, and Lieutenants Barth and Estill enjoining them from "the continued retaliation and harassment that bears a direct nexus to the above-entitled action." (ECF No. 168 at 1.) He alleges that the named parties overheard the settlement conference and are attempting to force him to leave administrative segregation against his will by accusing him of false charges and sanctions. (*Id.* at 6.) He requests that HDSP not cut off his electricity or find him guilty of the above-mentioned infraction for refusing to cell as assigned. (*Id.*)

Defendants responded to the first Motion and Order to Show Cause (ECF No. 169) and filed a Motion for Leave to File Plaintiff's Records Under Seal (ECF No. 170). They did not respond to Mr. Reed's second Motion and Order to Show Cause.

## II.    Legal Standard

Injunctive relief is an "extraordinary remedy, never awarded as

2

of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). "Where a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984);18 U.S.C. § 3626(a)(2). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."

As a threshold matter, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficient where the preliminary injunction would grant "relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.* at 636.

### III.   Analysis

#### a. **Motions for Injunctive Relief**

The Court finds that Plaintiff cannot meet his burden to show that he is entitled to a preliminary injunction at this time, because he addresses issues and parties that are not a part of his surviving claims from his FAC and requests relief beyond the scope of what may be granted finally. Further, Mr. Reed cannot meet the demanding standard for a mandatory injunction.

#### i. **First Motion and Order to Show Cause (ECF No. 164)**

Mr. Reed's first motion seeks a remedy for conduct outside the scope of the FAC. In his motion, Mr. Reed alleges that on January 21, 2026, approximately nine years after the events described in his FAC, a fellow inmate threw human waste in his cell at the direction of HDSP staff in retaliation for his filing grievances. (ECF No. 164 at 4-5.) He also alleges that HDSP staff improperly adjusted his food, installed spyware on his tablet, and censored his mail. (ECF No. 164 at 9-10.)

The individuals and institutions Mr. Reed seeks to enjoin are not parties to this lawsuit, and the allegations of retaliation he poses against them unrelated to the claim for excessive force on which he is proceeding. The relief he seeks for Defendants Nielson and Doe's violation of his Eighth Amendment rights would also not include changing his diet, housing, nor tablet settings, nor justify his other requests for relief. Therefore, his first Motion and Order to Show Cause is denied.

#### ii. **Second Motion and Order to Show Cause (ECF No. 168)**

Mr. Reed's second Motion and Order to Show Cause also seeks a remedy for conduct outside the scope of the FAC. Mr. Reed alleges that he was denied his preferred housing placement in retaliation for grieving the 2025 and 2026 events described in his first Motion and Order to Show Cause. (ECF No. 168 at 5.) As stated above, these events are unrelated to those acts that are alleged in the FAC,

and there is an insufficient nexus upon which to grant injunctive relief. Therefore, Mr. Reed's section Motion and Order to Show Cause is denied.

### b. **Defendants' Motion to File Plaintiff's Records Under Seal**

Defendants seek leave to file Mr. Reed's case notes as Exhibit A to their Opposition to a Temporary Restraining Order under seal. (ECF No. 170.)

There is a strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana,* 447 at 1179 (9th Cir. 2006). For records attached to motion not more than tangentially related to the merits of the case, the "good cause" standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).

"A motion for preliminary injunction frequently requires the court to address the merits of a case, which often includes the presentation of substantial evidence," and the right of access does not turn on any particular result. *Ctr. for Auto Safety*, 809 F.3d at 1099, 1102. Because Mr. Reed asks the Court to consider the merits of his case and seeks relief that he believes is contained within the underlying complaint, Defendants must meet the compelling reasons standard to seal Mr. Reed's case notes.

The Court finds that Defendants have not met their burden to have Mr. Reed's records sealed. They argue that the records are "sensitive" and that Mr. Reed has no access to a copy of them in prison yet also claims that he will not be prejudiced because copies can be made available to him through the Warden. (ECF No. 170.) Defendants have not provided any specific argument about what is sensitive or confidential in the case notes or why they should not be accessible to the public. Defendant's Motion to Seal is therefore denied.

c.   **Motion for Sanctions**

Mr. Reed moves for sanctions under Rule 11 against his former counsel and Defendant's counsel for allegedly conspiring to delay litigation and allow Mr. Reed to be assassinated before the culmination of this case. (ECF No. 163.) He also alleges that both attorneys "acted with incompetence," citing the Nevada Rules of Professional Conduct. (*Id.* at 5.)

An attorney is subject to Rule 11 sanctions when he or she presents to the court a pleading, written motion, or other paper "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Any attorney who certifies to the court that a pleading, written motion, or other paper complies with Rule 11 is subject to the rule, even if the attorney later withdraws from the case. *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).

Rule 11 is "an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.3d 1336, 1345 (9th Cir. 1988). The party seeking sanctions must comply with stringent notice and filing requirements, including serving the motion to the allegedly offending party and giving them 21 days to withdraw or correct the challenged filing. Fed. R. Civ. P. 11(c)(2). Mr. Reed has not provided any evidence that he properly provided notice to either counsel and therefore, the Court finds that the Motion for Sanctions fails on procedural grounds.

The Court also denies the motion on the merits. The record does not show that attorneys for Mr. Reed and Defendant intentionally listed Mr. Reed's other case in federal court in an attempt to delay the litigation or for another improper purpose. The Court also finds that at this time, there is insufficient evidence to demonstrate that Mr. Reed's former counsel violated Rules 1.2, 1.3, or 1.4 of the Nevada Rules of Professional Conduct for stipulating to reschedule the settlement conference set for December 4, 2026, in an effort to globally settle two of Mr.

Reed's cases and accommodate Defendant Nielson's medical appointment. (*See* ECF No. 141.)

### IV. Conclusion

It is therefore ordered that Mr. Reed's Motion and Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (ECF No. 164) and Motion and Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order in Conjunction with ECF No. 164 (ECF No. 168) are DENIED. Mr. Reed may file a separate complaint regarding these claims of retaliation after exhausting his administrative remedies.

It is further ordered that Mr. Reed's Motion for Sanctions (ECF No. 163) is DENIED.

It is further ordered that Defendants' Motion to Seal (ECF No. 170) is DENIED. The Clerk is kindly ordered to UNSEAL ECF No. 171.

Dated this 28th day of May, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE